**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PETER VINCENT CAPRA,

    Defendant-Appellant.

No. 18-1036
(D.C. Nos. 1:16-CV-02829-RBJ and
1:12-CR-00178-RBJ-1)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **MCKAY**, and **BALDOCK**, Circuit Judges.

A jury found Defendant Peter Vincent Capra, a federal prisoner appearing pro se, guilty of twenty-six counts of wire fraud, mail fraud, and money laundering, all arising from a scheme to defraud mortgage lenders. The district court sentenced Defendant to 144 months in prison, three years of supervised release, and $11,009,914 in restitution. We affirmed Defendant's conviction and sentence on appeal. *United States v. Capra*, 652 F. App'x 632 (10th Cir. 2016) (unpublished). Defendant next filed a motion for post-conviction relief pursuant to 28 U.S.C.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 2255, arguing his counsel was ineffective, the evidence was insufficient, and the government failed to prove elements of mail and wire fraud. He also challenged his sentence as excessive. In a written order, the district court summarily rejected Defendant's arguments without conducting an evidentiary hearing and denied his § 2255 motion because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Doc. 234 at 33. The district court denied Defendant a Certificate of Appealability (COA). Now before this Court are Defendant's application for a COA and motion to proceed *In Forma Pauperis*.

Defendant may not appeal the denial of relief under § 2255 without a COA. 28 U.S.C. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Where a district court has rejected a § 2255 motions's constitutional claims on their merits, the movant qualifies for a COA only if he can "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Construing Defendant's pro se filings liberally, our careful record review reveals Defendant cannot satisfy the standard for issuance of a COA. As grounds for issuance of a COA, Defendant raises the same general claims for ineffective assistance of counsel and sufficiency of the evidence as he did in the district court plus one new claim: the district court failed to grant him an evidentiary hearing.

As to Defendant's claim for ineffective assistance of counsel, we have

2

carefully reviewed his "Combined Opening Brief and Application for a Certificate of Appealability," the record on appeal, and the district court's written order denying his motion. Based on our review, we conclude the district court accurately analyzed Defendant's ineffective assistance of counsel claim and properly dismissed the motion. Where the district court accurately analyzes an issue and articulates a cogent rationale, we see no useful purpose in writing at length.

Defendant also claims the district court erred when it did not resolve seventeen alleged instances of conflicting evidence, which Defendant claims a reasonable jurist could debate. This claim is essentially a renewed challenge to the sufficiency of the evidence claim Defendant raised below and on direct appeal. As in Defendant's claim for ineffective assistance of counsel, the district court cogently explained why Defendant is not entitled to habeas relief, and we will not reinvent the wheel here to explain why Defendant is not entitled to a COA. Suffice to say the district court's analysis and resolution of Defendant's constitutional claim ably illustrates why he cannot meet the standard for issuance of a COA.

Additionally, Defendant argues the district court erred when it failed to address claims asserted in his motion. The substance of this claim is, again, a renewed challenge to Defendant's unmeritorious claim for ineffective assistance of counsel and challenge to the sufficiency of the evidence.[1] The district court

---

[1] Defendant claims the district court failed to address the following claims:
(continued...)

adequately analyzed Defendant's claims and explained why Defendant does not qualify for a COA. Doc. 234 at 27, 29 (acknowledging Defendant's claim regarding counsel's failure to subpoena witnesses and finding it unavailing). As a result, no reasonable jurist would find the district court's assessment of those claims debatable or wrong.

Finally, Defendant's new claim that the district court erred in denying him an evidentiary hearing is frivolous. Defendant is not entitled to an evidentiary hearing on meritless claims. *See* § 28 U.S.C. 2255(b). Accordingly, Defendant's request for a COA is DENIED, his appeal is DISMISSED, and his Motion to Proceed *In Forma Pauperis* is DENIED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

---

[1](...continued)
(1) counsel did not subpoena witnesses; (2) counsel changed his defense strategy late in the trial; (3) Defendant's "advice of Counsel" defense; (4) sufficiency of the evidence to convict Defendant for mail and wire fraud; and (5) the adequacy of Defendant's "Good Faith" defense. The district court acknowledged Defendant's claim regarding counsel's failure to subpoena witnesses and agreed with the Government that Defendant failed to produce evidence to satisfy the *Strickland* standard. Doc. 234 at 27–29. Similarly, the district court eviscerated his defense strategy and sufficiency of the evidence claims by stating, "Mr. Capra has not explained what was wrong with the defense strategy. What he did was illegal, and there was abundant evidence from many witnesses to establish his role as the mastermind of the false information and fraudulent cash-back scheme." Doc. 234 at 31.